IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEVIN M. MOORE,**

      **Plaintiff,**

**v.**         //    **CIVIL ACTION NO. 1:15CV193**
                             **(Judge Keeley)**

**ERIN KNIPPENBERG, LOTTIE WILHELM,
ALLSTATE INDEMNITY COMPANY,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

On January 29, 2016, the plaintiff, Kevin M. Moore ("Moore"), filed a motion to amend his complaint in order to add Allstate Indemnity Company ("Allstate") as a defendant (Dkt. No. 25). On February 12, 2016, defendants Erin Knippenberg ("Knippenberg") and Lottie Wilhelm ("Wilhelm") filed a response, opposing Moore's motion (Dkt. No. 26). The question presented is whether, in light of the Court's previous ruling in Allstate's favor in a companion case, 1:13CV228, Moore's motion to amend the complaint is futile. For the reasons that follow, the Court **FINDS** it is not futile and **GRANTS** Moore's motion for leave to amend (Dkt. No. 25).

## BACKGROUND

In September, 2009, Moore moved from his home in Burlington, West Virginia, to the home of his wife in Keyser, West Virginia (Dkt. No. 1-2 at 3-4). He rented his Burlington home to a third

**MOORE V. KNIPPENBERG ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

party, canceled his homeowner's policy of insurance, and obtained a landlord policy from Allstate. Id. at 4. In the fall of 2011, after Moore and his wife divorced, he moved back into his home in Burlington. Id.

According to Moore, on December 22, 2011, he advised Wilhelm, an employee in Knippenberg's insurance office,[1] of his move and that he needed to switch his landlord policy back to a homeowner's policy. Id. Allegedly, Wilhelm told Moore that she would cancel his landlord policy and issue a homeowner's policy. Id. Following his conversation with Wilhelm, Moore's escrow payment on his mortgage increased, and he assumed this was a consequence of the increased insurance premium for the homeowner's policy. Id. at 4-5.

On January 23, 2013, following a space heater malfunction, Moore's home in Burlington burned to the ground. Id. at 5. When Moore notified Knippenberg of the loss, she advised him that Wilhelm had not canceled the landlord policy, nor had she ever issued a homeowner's policy. Id. Pursuant to his existing landlord policy of insurance, Allstate paid Moore $125,464 for his dwelling, $6,273.20 for debris removal, and $6,273 for personal

---

[1] Knippenberg is an agent of Allstate (Dkt. No. 25-1 at 2).

**MOORE V. KNIPPENBERG ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

property, but refused to pay him for the contents of his home or loss of use. Id.

## I. The First Allstate Action[2]

On August 27, 2013, Moore filed suit in the Circuit Court of Harrison County, naming Allstate, Knippenberg, and Ray Betler ("Betler"), a claims adjuster for Allstate, as defendants (Dkt. No. 1-2 at 4). Moore's complaint contained four counts, including (1) breach of contract, (2) violation of the covenant of good faith and fair dealing, (3) violation of the West Virginia Unfair Claims Settlement Practices Act, W. Va. Code § 33-11-4(9), and, (4) punitive damages. Id. at 7-10. During the pendency of the state case, Moore voluntarily dismissed his claims against Knippenberg and Betler. Id. at 50.

Allstate then removed the case to this Court (Dkt. No. 1 at 1). Following oral argument, on February 11, 2015, the Court concluded that no additional coverage existed beyond what Allstate had already paid under the landlord policy (Dkt. No. 48 at 10). Accordingly, it granted Allstate's motion for summary judgment and dismissed Moore's complaint with prejudice. Id.

---

[2] Unless otherwise noted, all citations in this section refer to Case No. 1:13CV228. The citations in the remainder of the opinion refer to the instant case, 1:15CV193.

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

On February 17, 2015, Moore sought to vacate, alter, or amend the Court's judgment based on a mistake in one footnote (Dkt. No. 50).[3] The Court denied that motion, reiterating that Allstate had paid Moore the full limits of coverage available under the policy (Dkt. No. 52 at 1-2).

II. **The Instant Case**

On January 22, 2015, while the Allstate litigation was pending, Moore filed the instant case in the Circuit Court of Marion County, naming as defendants Knippenberg, Wilhelm, and Betler (Dkt. No. 1-2 at 2).[4] Moore's complaint contains five counts. These include (1) negligent procurement of adequate insurance, (2) breach of contract, (3) negligent failure to reform the policy of insurance, (4) violation of the West Virginia Unfair Claims Settlement Practices Act, W. Va. Code § 33-11-4(9), and (5) punitive damages. Id. at 7-12.

On October 28, 2015, Knippenberg and Wilhelm removed the case to this Court (Dkt. No. 1). The Court dismissed Betler, who was

---

[3] The Court had stated that the landlord policy did not provide coverage for debris removal, when in fact it did (Case No. 1:13CV228, Dkt. No. 52 at 3).

[4] Moore's complaint, while substantially similar to his previous complaint in the Allstate litigation, did not name Allstate as a defendant (Dkt. No. 1-2).

**MOORE V. KNIPPENBERG ET AL.                              1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

not served within the time period required by Fed. R. Civ. P. 4(m) (Dkt. No. 22).[5] Thereafter, on November 4, 2015, Knippenberg and Wilhelm moved to dismiss Counts Two and Three of the complaint (Dkt. No. 4), and answered the remainder of Moore's complaint (Dkt. No. 6).

While the defendants' motion to dismiss was pending, the Court learned that Moore previously had filed an amended complaint in the Circuit Court of Marion County, and directed him to file a copy of that amended complaint, along with proof that he in fact had filed it in state court (Dkt. No. 12). Moore did so on January 15, 2016 (Dkt. No. 13).[6] At a status conference on January 27, 2016, it became clear that Moore had filed the amended complaint in state court on October 30, 2015 (Dkt. No. 25-3), two days after Knippenberg and Wilhelm's removal of the case to this Court, and

---

[5] The Court determined that Betler had been dismissed effective October 18, 2015, in accordance with Judge Janes' August 18, 2015, Order (Dkt. No. 22).

[6] After Moore filed his amended complaint, the Court erroneously denied as moot the pending motion to dismiss (Dkt. No. 14). It later vacated that order; hence, the motion to dismiss is still pending (Dkt. No. 19).

**MOORE V. KNIPPENBERG ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

five days before Knippenberg and Wilhelm filed their answer and motion to dismiss.[7]

Pursuant to this Court's Scheduling Order (Dkt. No. 23), on January 29, 2016, Moore moved for leave to file an amended complaint seeking to add Allstate as a defendant (Dkt. No. 25). In his motion, Moore claims that he has shown good cause to amend his complaint because (1) the statute of limitations has expired against Allstate, and (2) the defendants "would not be prejudiced" at this early stage in the litigation. Id. at 2. Knippenberg and Wilhelm opposed Moore's motion, contending the amendment would be futile because the Court had ruled previously on Moore's claims against Allstate (Dkt. No. 26). Moore never filed a reply. The matter is now ripe for disposition.

## LEGAL STANDARD

Fed. R. Civ. P. 15 permits a plaintiff to amend his complaint once as a matter of course either within 21 days after serving the complaint or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.

---

[7] The certified state court record from the Circuit Court of Marion County contained no mention of an amended complaint (Dkt. No. 3). Nonetheless, Moore has provided proof that he had filed the amended complaint on October 30, 2015, at 11:40 A.M. (Dkt. No. 25-3).

**MOORE V. KNIPPENBERG ET AL.**                                  **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court must freely give leave when justice so requires. Id.

Although the grant or denial of a motion to amend is within the discretion of the Court, Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013), the United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a)(2) to require that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

A court should deny leave to amend on the ground of futility only "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. Conjecture about the underlying merits of the litigation should not enter into the court's decision as to whether to allow an amendment. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613-14 (4th Cir. 1980).

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

**ANALYSIS**

When he filed the amended complaint in state court, Moore failed to amend as of right because the case had been removed two days earlier. See <u>Ackerman v. ExxonMobil Corp.</u>, 734 F.3d 237, 249 (4th Cir. 2013) ("[T]he [removal] statute deprives the state court of further jurisdiction over the removed case and . . . any post-removal actions taken by the state court in the removed case action are void <u>ab initio</u>."). Moore then never attempted to file the amended complaint in this Court until January 13, 2016, after the Court ordered him to explain why he had never filed it (Dkt. No. 13).

Of course, the Court's inquiry does not end the matter. As already noted, it must freely give Moore leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). To that end, it must consider the timing of Moore's attempted filing of the amended complaint. It appears that Moore served Knippenberg and Wilhelm on October 2, 2015. W. Va. R. Civ. P. 4(d)(1)(D). At that time, the West Virginia Rules of Civil Procedure applied because the case was still in state court and had not yet been removed. See <u>Camden v. Wal-Mart Stores, Inc.</u>, 574 F. Supp. 2d 582, 587 (S.D.W. Va. 2008) ("[W]hile State Court Rules of Civil Procedure apply to civil cases

**MOORE V. KNIPPENBERG ET AL.**                                       **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

initiated in State Court before removal to Federal Court, the Federal Rules of Civil Procedure apply and govern procedure in matters removed from Federal Court to State Court"). Pursuant to W. Va. R. Civ. P. 15(a), a party may amend his pleading in state court "at any time before a responsive pleading is served. . . ." (internal citations omitted).[8] Under the West Virginia rule, Moore's amended complaint would have been timely filed had the case remained in state court.

On October 28, 2015, however, Knippenberg and Wilhelm removed the case to federal court, thereby triggering the applicability of the Federal Rules of Civil Procedure. Camden, 574 F. Supp. 2d at 587. Under those rules, Moore was required to amend his complaint within 21 days after serving it.[9] Fed. R. Civ. P. 15(a)(1)(A). And, under this Court's Local Rules, "service by electronic means is treated the same as service by mail for purposes of adding three

---

[8] This was the same standard in federal court until the December 2, 2009, amendment to Fed. R. Civ. P. 15(a). Under the current rule, a plaintiff may only amend as of right within 21 days after serving the complaint, or 21 days after the earlier of service of a responsive pleading or certain motions under Rule 12. Galustian v. Peter, 591 F.3d 724, 730 n. 4 (4th Cir. 2010).

[9] Alternatively, although inapplicable here, if the pleading is one to which a responsive pleading is required, a plaintiff may amend within the earlier of 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(A).

**MOORE V. KNIPPENBERG ET AL.**                           **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

(3) days to the prescribed period to respond." LR Gen. P. 5.06(g) (referring to Fed. R. Civ. P. 6(d)). Pursuant to Fed. R. Civ. P. 5(b)(2)(C) and 6(d), a party such as Moore, who serves a complaint by mail may add "3 days . . . after the [21-day] period would otherwise expire . . ." for a total of 24 days. Fed. R. Civ. P. 6(d). Moore therefore had until October 29, 2015, to amend as of right, calculated as 24 days from October 5, the next work day after Moore served Knippenberg and Wilhelm. See Fed. R. Civ. P. 6(a)(1)(A).

Moore filed his amended complaint, albeit in the wrong court, on October 30, 2015, one day after the period for amendment as of right ended under the Federal Rules. He claims to have been unaware that the defendants had removed the case. He also claims that the e-filing docket entries in state court did not reflect that removal (Dkt. No. 25 at 1-2). According to Moore, his erroneous filing in the wrong court is excusable, given the defendants' removal of the case two days earlier, on October 28, 2015, at 4:22 P.M. (Dkt. No. 3-2 at 1).

The defendants contend that Moore's amended complaint adding Allstate as a defendant is futile in light of the Court's earlier ruling dismissing with prejudice Moore's complaint, including claims for breach of contract, bad faith, and punitive damages

**MOORE V. KNIPPENBERG ET AL.**                                    **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

(Case No. 1:13CV228, Dkt. No. 48 at 10). It is undisputed, however, that Moore's complaint in the previous litigation did not include claims of negligent procurement of adequate insurance or failure to reform the insurance policy, both of which he raises against Allstate in the amended complaint (Dkt. No. 25-1).

Indeed, the Court itself acknowledged Moore's failure to plead these claims in the previous Allstate litigation, noting that the dispute really "center[ed] on whether Knippenberg, Allstate's insurance agent, acted negligently either by failing to procure a homeowners [sic] policy for Moore, or by misrepresenting to him that a homeowners [sic] policy was in place." (Case No. 1:13CV228, Dkt. No. 48 at 8). Given Moore's failure to plead those claims, the Court could not have addressed them in the previous litigation. See id. In short, although three of the claims in Moore's amended complaint appear to mirror those in the previous Allstate litigation and are likely subject to dismissal, the remaining two are not duplicative. Given the liberality of Rule 15, the Court therefore declines to hold that Moore's proposed amendment is insufficient or frivolous. Johnson, 785 F.2d at 510.

For the reasons discussed, the Court **GRANTS** Moore's motion to file an amended complaint (Dkt. No. 25), **DIRECTS** the Clerk to file

**MOORE V. KNIPPENBERG ET AL.**                              **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE THE AMENDED COMPLAINT [DKT. NO. 25] AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO DISMISS [DKT. NO. 4]**

the amended complaint (Dkt. No. 25-1), and **DENIES AS MOOT** Knippenberg and Wilhelm's motion to dismiss (Dkt. No. 4).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED:  March 22, 2016.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE