```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEVIN M. MOORE, SR.,**

      **Plaintiff,**

**v.**               **//**    **CIVIL ACTION NO. 1:15CV193**
                                         **(Judge Keeley)**

**ERIN KNIPPENBERG, LOTTIE WILHELM,
and ALLSTATE INDEMNITY CO.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

Pending before the Court are two motions filed by the defendant, Allstate Indemnity Company ("Allstate"), a motion to dismiss and a motion for summary judgment (Dkt. Nos. 56; 70). The motion for summary judgment contends that Allstate is entitled to judgment as a matter of law regarding claims made by the plaintiff, Kevin M. Moore, Sr. ("Moore"), because the claims are barred by the doctrine of res judicata. For the reasons that follow, the Court **GRANTS** Allstate's motion for summary judgment (Dkt. No. 70) and **DENIES** its motion to dismiss as moot (Dkt. No. 56).

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2004, Moore purchased a home in Burlington, West Virginia, which he later rented to a third party from 2009 to 2011 (Dkt. No. 70-2 at 2). Of importance to this litigation, during that rental period, he insured the property through Allstate under a landlord's policy. Id. at 4. In October 2011, he returned to the home, which

**MOORE V. KNIPPENBERG, ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

later burned to the ground in 2013. Id. at 5. Although Allstate's landlord policy was still in place at the time of the fire, Moore argues that the fire loss should have been covered under a homeowner's policy. He alleges that, prior to the fire, he had informed Lottie Wilhelm ("Wilhelm"), an employee of Allstate agent Erin Knippenberg ("Knippenberg"), that he had returned to his home in Burlington and required a homeowner's policy (Dkt. No. 32 at 3).[1] The instant suit is Moore's second suit against Allstate arising from the fire loss.

I. **The First Allstate Action ("Moore I")**[2]

On August 27, 2013, Moore filed suit in the Circuit Court of Harrison County, West Virginia ("Moore I"), naming Allstate, Knippenberg, and claims adjuster Ray Betler ("Betler") as defendants (Dkt. No. 1-2 at 4). Moore's complaint contained four counts, including (1) breach of contract, (2) violation of the covenant of good faith and fair dealing, (3) violation of the West Virginia Unfair Claims Settlement Practices Act ("WVUCSPA"), and (4) punitive

---

[1] For a fuller recitation of the alleged underlying facts, see this Court's Order at Dkt. No. 28.

[2] Unless otherwise noted, all citations in this section refer to docket entries for Moore v. Allstate Indemnity Co., Civil Case No. 1:13CV228. Outside of the current section, docket entries for this case will be referenced as "Moore I, Dkt. No. [X]."

**MOORE V. KNIPPENBERG, ET AL.**  1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

damages. Id. at 7-10. During the pendency of the case in state court, Moore and Allstate voluntarily dismissed claims against Knippenberg and Betler without prejudice. Id. at 50.

After that dismissal, on October 11, 2013, Allstate removed Moore I to this Court, citing diversity jurisdiction (Dkt. No. 1). Much later, Moore sought to bifurcate his bad faith claims against Allstate, acknowledging that the fate of those claims depended on whether Allstate had breached its contract of insurance by not providing coverage for his personal property (Dkt. No. 33-1 at 4-5). On September 10, 2014, the Court granted in part and denied in part the motion, and limited the first round of briefing to the coverage question (Dkt. No. 39 at 1).

Allstate moved for summary judgment on the coverage issues (Dkt. No. 41). Following full briefing, the Court granted the motion and also dismissed with prejudice the remaining claims for bad faith against Allstate (Dkt. No. 48). Moore argued that although he had made Allstate aware that he had changed his address it had failed to convert his landlord policy to a homeowner's policy. In its Order, the Court noted that "the complaint did not include a claim against Knippenberg for failure to procure a homeowners policy." Id. at 5. The Court stated:

**MOORE V. KNIPPENBERG, ET AL.**  1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

> Simply put, there is no dispute that the policy in place at the time of the fire was the Landlords Policy, not a homeowners policy. It appears that the dispute in this case centers on whether Knippenberg, Allstate's insurance agent, acted negligently either by failing to procure a homeowners policy for Moore, or by misrepresenting to him that a homeowners policy was in place. That said, not only is Knippenberg no longer a defendant, but Moore's complaint also is conspicuously devoid of any such claims. Indeed, his complaint alleges only that Allstate breached the Landlords Policy . . . .
> . . .
> To the extent [Moore's] briefing includes arguments beyond the coverage question, such arguments are outside the scope of the motion filed by Allstate; nor are they alleged in Moore's complaint.

Id. at 8, 10. The Court concluded that "coverage existed under the Landlords Policy," and "Moore [had] received the benefits of such coverage . . . when Allstate paid the liability limits for personal property protection and dwelling protection." Id. at 10.

Thereafter, the Court declined to vacate and alter or amend the judgment when Moore pursued an argument that he had substantially prevailed on his debris removal coverage claim (Dkt. No. 52). It based this decision in part on the fact that Moore had "unequivocally represented throughout th[e] litigation that a ruling on coverage favorable to Allstate would moot his remaining claims." Id. at 4.

**MOORE V. KNIPPENBERG, ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

**II. The Current Lawsuit ("Moore II")**

Moore filed the current lawsuit ("Moore II") in the Circuit Court of Marion County, West Virginia, on January 22, 2015 (Dkt. No. 1-2 at 2), naming Knippenberg, Wilhelm, and Betler as defendants. He filed this lawsuit while the Court was still considering Allstate's motion for summary judgment in Moore I. This complaint alleges five causes of action, including counts for (1) negligent procurement of adequate insurance, (2) breach of contract, (3) negligent failure to reform the policy of insurance, (4) violation of the WVUCSPA, and (5) punitive damages. Id. at 7-12.

Knippenberg and Wilhelm removed the case to this Court on October 28, 2015 (Dkt. No. 1). The Court dismissed Betler, who had not been served within the time period required by Fed. R. Civ. P. 4(m) (Dkt. No. 22). Later, on March 22, 2016, it granted Moore's motion to amend the complaint to add Allstate as a party (Dkt. No. 28). After Moore amended his complaint and properly completed service (Dkt. Nos. 32; 50), Allstate filed a motion to dismiss, asserting that the Court's holding in Moore I is res judicata here (Dkt. No. 56).

The motion to dismiss was fully briefed on September 19, 2016; due to an abbreviated schedule, however, the Court was unable to

**MOORE V. KNIPPENBERG, ET AL.**                                  **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

issue a ruling before the deadline for dispositive motions arrived on October 14, 2016, when Allstate filed the pending motion for summary judgment, asserting the doctrine of res judicata (Dkt. No. 70). Moore did not respond to this motion. Because the motions are substantially similar, to the extent relevant to the motion for summary judgment, the Court will consider Moore's arguments in response to the motion to dismiss (Dkt. No. 62).

## LEGAL STANDARD

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**MOORE V. KNIPPENBERG, ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. The evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

## APPLICABLE LAW

"The doctrine of res judicata precludes relitigation of the same claim," Horne v. Lighting Energy Servs., LLC, 123 F. Supp. 3d 830, 838 (N.D.W. Va. 2015) (citing Sattler v. Bailey, 400 S.E.2d 220, 225 (W. Va. 1990)), and is founded on wise public policy:

> To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

Conley v. Spillers, 301 S.E.2d 216, 220 (W. Va. 1983) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)). In West

7

**MOORE V. KNIPPENBERG, ET AL.**                               **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

Virginia, a lawsuit is barred by res judicata if the following three elements are satisfied:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, Blake v. Charleston Area Med. Ctr., Inc., 498 S.E.2d 41 (W. Va. 1997).

"A final decision [is one] that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 86 (2000) (internal citation omitted). "An erroneous ruling of the court will not prevent the matter from being *res judicata*." Conley, 301 S.E.2d 216, Syl. Pt. 1. Privity contemplates that "the interests of the party against whom preclusion is asserted have been adequately represented." W. Va. Human Rights Com'n v. Esquire Group, Inc., 618 S.E.2d 463, 469 (W. Va. 2005).

The third prong "is most often the focal point, since 'the central inquiry on a plea of res judicata is whether the cause of action in the second suit is the same as the first suit.'" Beahm v.

8

**MOORE V. KNIPPENBERG, ET AL.**                     **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

7 Eleven, Inc., 672 S.E.2d 598, 602 (W. Va. 2008) (quoting Conley, 301 S.E.2d at 220). "'[A] cause of action' is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief." Blake, 498 S.E.2d at 48 (quoting White v. SWCC, 262 S.E.2d 752, 756 (W. Va. 1980)). Indeed, "*res judicata* may operate to bar a subsequent proceeding even if the precise cause of action involved was not actually litigated in the former proceeding so long as the claim could have been raised and determined." Id. at 49.

In this regard, "it is imperative that the party bringing the subsequent lawsuit was, during the prior action, able to foresee the consequences of his/her failure to raise the subsequently raised issue in the prior action." Id. West Virginia uses the "same-evidence" approach to assess whether two claims are identical under res judicata. "The test to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues." Syl. Pt. 4, Slider v. State Farm Mut. Auto. Ins. Co., 557 S.E.2d 883 (W. Va. 2001) (distinguishing the "transaction-focused test" of the *Restatement (Second) of Judgments*).

**MOORE V. KNIPPENBERG, ET AL.                              1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

A notable exception to claim preclusion occurs when a plaintiff can allege that "fraud, mistake, concealment, or misrepresentation by the defendant of the second suit prevented the subsequent plaintiff from earlier discovering or litigating his/her claims." Blake, 498 S.E.2d at 49. "A claim of fraud upon the court is reserved for only the most egregious conduct on the part of attorneys . . . which causes the judicial process to be subverted. It ordinarily does not relate to misrepresentation or fraudulent conduct between the parties themselves." Syl. Pt. 5, Savas v. Savas, 382 S.E.2d 510 (W. Va. 1989). In addition, courts may abstain from "rigid enforce[ment]" of res judicata when doing so "would plainly defeat the ends of Justice." Blake, 498 S.E.2d at 50 (quoting Gentry v. Farruggia, 53 S.E.2d 741, 742 (W. Va. 1949)).

## LEGAL ANALYSIS

No genuine dispute of material fact precludes the conclusion that each of the three prongs of the Blake test is satisfied here. Moore's current claims against Allstate, therefore, are barred as a matter of law by the doctrine of res judicata.

**I.   Final Adjudication on the Merits and the Same Parties**

**MOORE V. KNIPPENBERG, ET AL.                                1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

The first two requirements of the <u>Blake</u> test are easily satisfied in this case. As for the first prong, <u>Moore I</u> qualifies as a final adjudication on the merits. <u>Blake</u>, 498 S.E.2d 41, Syl. Pt. 4. In <u>Moore I</u>, the Court granted summary judgment to Allstate on the coverage issues and dismissed the remaining bad faith claims with prejudice because, in order to proceed, they depended upon a coverage ruling favorable to Moore (<u>Moore I</u>, Dkt. No. 48 at 8-10). This order ended litigation on the merits and left "nothing more for the court to do but execute the judgment." <u>Randolph</u>, 531 U.S. at 86. In addition, as required by the second prong of <u>Blake</u>, both Moore and Allstate were named as parties in <u>Moore I</u>. Therefore, at least to the extent that Moore's claims against Allstate are the focus of the instant motion, the two actions involve the same parties. <u>See</u> <u>Blake</u>, 498 S.E.2d 41, Syl. Pt. 4.

## II. Cause of Action

The primary question presented is whether, under <u>Blake</u>'s third prong, the cause of action here is identical to that raised in <u>Moore I</u>; if not, is it of such a nature that it could have been presented and resolved there? <u>See</u> <u>Blake</u>, 498 S.E.2d 41, Syl. Pt. 4. Allstate argues that <u>Moore II</u> "is nothing more than a re-hash of the same issues upon which Allstate has already prevailed" (Dkt. No. 70 at

**MOORE V. KNIPPENBERG, ET AL.**                                        **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

17). Moore, on the other hand, argues that the current claims are different from those presented in Moore I,³ and in any event, they could not have been resolved without the presence of Knippenberg and Wilhelm as defendants (Dkt. No. 62 at 4-5).

**A.**

The question presented in this case is substantially similar to that raised in Ash v. Allstate Insurance Co., No. 12-1533, 2013 WL 5676774 (W. Va. Oct. 18, 2013). There, the plaintiff, Mark Ash ("Ash"), was involved in an automobile accident with Shirley Salmon in 1992. Id. at *1. Allstate insured both drivers, and Ash's coverage included three vehicles, all with underinsured motorist coverage ("UIM"). Id. When Allstate paid only the $50,000 UIM single-vehicle limit, Ash filed suit in the Circuit Court of Kanawha County, West Virginia, alleging that Allstate had assured him he would be able to stack his UIM coverage up to $150,000. Id. After Allstate removed the case to federal court, the District Court for the Southern District of West Virginia declared that Ash was only

---

³ In making this argument, Moore misunderstands what constitutes a "cause of action." Bringing different claims for relief does not necessarily convert a second suit into a different cause of action. See Blake, 498 S.E.2d at 49.

**MOORE V. KNIPPENBERG, ET AL.**                              **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

entitled to the $50,000 he had already received. Id. Ash did not appeal that judgment. Id. at *2.

However, later, in 2009, Ash filed a second lawsuit in the Circuit Court of Marshall County, West Virginia. This suit added Allstate employees as defendants and made essentially identical claims with "the addition of an unjust enrichment allegation . . . and a change in the theory of recovery for misrepresentation." Id. at *2, *4. After finding that the underlying facts were essentially the same in both actions, and that both complaints alleged misrepresentation, fraud, and entitlement to stacked UIM coverage, the Supreme Court of Appeals of West Virginia affirmed the circuit court's decision that Ash's second suit was barred by the doctrine of res judicata. Id. The first suit involved allegations of affirmative misrepresentation, the second claims of fraudulent concealment. Id. The Supreme Court of Appeals reasoned that "both cases involve[d] alternative theories to prove the same fundamental cause of action-that [Ash] is entitled to stacked UIM coverage." Id. Because those allegations had been resolved in the first action, Ash was not entitled to collaterally attack that ruling in a second case. Id.

**MOORE V. KNIPPENBERG, ET AL.                                 1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

The holding in <u>Ash</u> is persuasive, given the facts in the present case. Much like <u>Ash</u>, the facts relied upon by Moore in both <u>Moore I</u> and the current litigation are substantially similar; both complaints arise out of Allstate's coverage of losses resulting from the 2013 fire that destroyed Moore's Burlington home. The first complaint alleged breach of contract, violation of the covenant of good faith and fair dealing, violation of the WVUCSPA, and punitive damages (<u>Moore I</u>, Dkt. No. 1-2 at 7-10).  The instant complaint omits the bad faith claim, alleging instead alternate theories of negligent procurement of adequate insurance and negligent failure to reform the policy (Dkt. No. 1-2 at 7-12). Nevertheless, the Court perceives no difference in the evidence supporting the claims in this suit that could justify characterizing it as a new cause of action. <u>Slider</u>, 557 S.E.2d at 888.

**B.**

When viewed in the light most favorable to Moore, the only "new" evidence he identifies affected neither his ability to make the claims alleged in <u>Moore I</u> nor the outcome of the Court's decision there. In an effort to distinguish his claims here, Moore points to a letter from Allstate, predating the fire that destroyed his Burlington home, a fact he first learned about during the

14

**MOORE V. KNIPPENBERG, ET AL.**                              **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

pendency of Moore I, and that Allstate allegedly failed to produce in discovery (Dkt. No. 62 at 2). That letter reflects that Moore had changed his address to the Burlington home prior to the fire. Id. Moore argues that withholding this letter amounts to fraudulent conduct by Allstate, id. at 4; however, he overlooks that the "fraud, mistake, concealment, or misrepresentation" in Moore I must have prevented him "from earlier discovering or litigating his[] claims" in order to bar the application of res judicata. Blake, 498 S.E.2d at 49.

To that end, like the litigant in Ash, Moore was aware of his claims for negligent procurement and failure to reform and had the opportunity to litigate them in Moore I, but did not do so. Indeed, the gravamen of his complaint in Moore I was that the various defendants knew about his change of address or request for different insurance but failed to respond appropriately. After the coverage issue was bifurcated in Moore I, Moore argued strenuously that various failures by Allstate and its agents kept him from being covered under a homeowner's policy (Moore I, Dkt. No. 44). As the Court has noted, however, Moore either failed to plead those claims, or the arguments fell outside the scope of the coverage issue (Moore

15

**MOORE V. KNIPPENBERG, ET AL.**                               **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

I, Dkt. No. 48 at 8-10). In addition, Moore never sought to amend his complaint, nor did he appeal the Court's coverage ruling.

Although the Court is troubled by Moore's representation that the change-of-address letter was not produced during discovery (Dkt. No. 62 at 2), its existence does not obviate the fact that Moore failed to plead appropriate claims that were within his knowledge in Moore I and, indeed, conceded that his claims against Allstate depended on the coverage question being answered in his favor. None of these failures was a consequence of Allstate's alleged wrongful withholding of the letter. See Blake, 498 S.E.2d at 49 (quoting *Restatement (Second) of Judgments* § 26 cmt. j). In addition, while the letter was before the Court on summary judgment in Moore I, it was "wholly irrelevant to [its] decision." See Hayes v. Brady, No. 15-0518, 2016 WL 3197435 (W. Va. June 8, 2016) (memorandum opinion noting that an alleged misrepresentation to the court did not preclude res judicata because the fact at issue did not affect the court's decision).[4]

---

[4] Moore also takes issue with the fact that Allstate was willing to accept liability for its agents on coverage issues but not on negligent procurement or failure to reform (Dkt. No. 62 at 4). However, the Court has not identified, as required by a claim of fraud on the court, any "egregious conduct . . . which cause[d] the judicial process to be subverted" in Moore I, Savas, 382 S.E.2d 510, Syl. Pt. 5, nor did Moore ever make a motion alleging such

**MOORE V. KNIPPENBERG, ET AL.**                                    **1:15CV193**

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

Furthermore, Moore's argument that the current claims could not have been litigated in Moore I because Allstate's agents, for whose actions it is allegedly liable, were not defendants in the first suit (Dkt. No. 62 at 5), is unavailing; it was by Moore's own doing that Allstate's agents were absent from Moore I. His decision to dismiss Knippenberg voluntarily as a defendant in order to pursue his claims solely against Allstate does not allow him the privilege of relitigating the same cause of action against Allstate now simply by adding Knippenberg as a codefendant. The question is not whether Allstate should be liable for the acts of its agents,[5] but whether Moore had the opportunity to litigate that liability in Moore I. Blake, 498 S.E.2d at 49. The "imperative" aspect of Blake's third element has been met here. Moore "was, during the prior action, able

---

fraud. "[F]raud is never presumed but must be proved," Haudenschilt v. Haudenschilt, 39 S.E.2d 328, 338 (W. Va. 1946), and Moore has not met his burden to prove that such "egregious conduct" took place. Allstate's obligation to defend the claims made against it in Moore I and its subsequent motion to be dismissed from liability in this suit on the basis of res judicata are not positions of such inconsistence as to constitute fraud.

[5] Although an agency relationship might affect a privity analysis regarding claims against Allstate's agents, see Gribben v. Kirk, 466 S.E.2d 147, 157 n.21 (W. Va. 1995), Allstate's status as a principal does not affect the Court's analysis of claims that could have been brought against it in the prior suit.

**MOORE V. KNIPPENBERG, ET AL.**                                 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

to foresee the consequences of his[] failure to raise the subsequently raised issue in the prior action." Id.

### C.

Moore's argument that the "ends of justice" require the Court to ignore the applicability of res judicata in this case is unavailing. "[S]uch an exception must be based on 'extraordinary circumstances' and 'courts should be loathe to exercise this power.'" State ex rel. Richey v. Hill, 603 S.E.2d 177, 184 (W. Va. 2004).[6] It is far from plain that the preclusion of Moore's current claims against Allstate defeats the ends of justice, or defeats the purpose of res judicata itself. Moore has failed to point to any "extraordinary circumstance" that would justify departure from res judicata in this case, and this Court has identified none.

---

[6] For instance, the exception has been applied to certain workers' compensation cases to prevent injustice. See, e.g., White, 262 S.E.2d 752 ("Considering the scope and purpose of the Workmen's Compensation Act and the quasi-judicial proceeding in which claims are decided, we cannot apply the principles of res judicata to bar applications where the only obvious reason for rejection of the original claim was that it was untimely filed."); Kirby v. W. Va. Office of Ins. Com'r, No. 110653, 2012 WL 3239376 (W. Va. June 27, 2012) ("Kirby suffers from this condition, and the diagnosis was made following the subject compensable injury; accordingly, reliance on res judicata would defeat the ends of justice.").

**MOORE V. KNIPPENBERG, ET AL.** 1:15CV193

**MEMORANDUM OPINION AND ORDER GRANTING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 70] AND
DENYING ALLSTATE'S MOTION TO DISMISS AS MOOT [DKT. NO. 56]**

**CONCLUSION**

Having failed to sufficiently plead and prosecute his prior suit against Allstate, Moore attempts to remedy those errors in this case by asserting claims that he believes may be more successful. Such second chances, however, are what the doctrine of res judicata is meant to prevent. "The underlying purpose of the doctrine of *res judicata* was initially to prevent a person from being 'twice vexed for one and the same cause.'" Conley, 301 S.E.2d at 219. Therefore, for the reasons discussed, the Court **GRANTS** Allstate's motion for summary judgment (Dkt. No. 70), denies Allstate's motion to dismiss as moot (Dkt. No. 56), and **DISMISSES** Moore's claims against Allstate **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record.

DATED: November 18, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE